UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

WILMINGTON PT CORP.,

                Plaintiff,

       -against-
                                       **MEMORANDUM AND ORDER**
RANJIT KUMAR MITRA, JACOB          19-CV-1904 (RPK) (SJB)
MILTON, and NEW YORK CITY
ENVIRONMENTAL CONTROL
BOARD,

                Defendants.
-----------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      This opinion arises out of a mortgage obtained by defendants Ranjit Kumar Mitra and Jacob Milton. After defendants defaulted on their loan obligations, plaintiff Wilmington PT Corp. sued them to foreclose on the mortgage. Plaintiff has moved for summary judgment against defendants. *See* Mem. of Law in Supp. of Pl.'s Mot. for Summ. J. ("MSJ") (Dkt. #26). As explained below, plaintiff's motion is granted.

## BACKGROUND

      The following facts are taken from the parties' Rule 56.1 statements and relevant portions of the record and are undisputed unless otherwise noted. In 2005, defendants executed a mortgage of a property at 178-29 Eveleth Road in Jamaica, New York, to New Century Mortgage Corporation. *See* Pl.'s Rule 56.1 Statement ¶ 2; Compl. Ex. B (Dkt. #1). An accompanying note, signed by Mitra, set out the details of the payments that would be due in connection with the mortgage. Defendants defaulted on the mortgage in June 2013. *See* Pl.'s Rule 56.1 Statement ¶ 3; Compl. Ex. C. Plaintiff alleges that, at the time the complaint was filed, it was the owner and holder of both the mortgage and the note. Pl.'s Rule 56.1 Statement ¶ 8.

1

In 2018, plaintiff's counsel mailed defendants default notices as well as 90-day notices pursuant to Section 1304 of the New York Real Property Actions and Proceedings Law. Pl.'s Rule 56.1 Statement ¶¶ 4-5. The notices stated that defendants had defaulted on their loan and owed $50,987.33. Compl. at 45. They further stated the defendants might be at risk of foreclosure. *Ibid.* And they advised that if defendants did not seek to resolve the matter within 90 days, legal action might be brought against them. *Id.* at 46.

After 90 days passed without defendants taking action to cure the default, plaintiff filed this lawsuit. *See* Compl.; Pl.'s Rule 56.1 Statement ¶ 6. Plaintiff then filed a motion for summary judgment, arguing that there is no material dispute of fact regarding the existence of the mortgage obligation or defendants' default, and that defendants have not presented any valid affirmative defense. *See* MSJ at 1.

Defendants argue that summary judgment should be denied. They acknowledge executing a mortgage to New Century Mortgage Corporation and defaulting on that mortgage. *Compare* Defs.' Rule 56.1 Statement ¶ 1 *with* Pl.'s Rule 56.1 Statement ¶¶ 2, 6. But they contend that the Court lacks jurisdiction over them because they were never properly served with the complaint. Defs.' Mem in Opp'n to Pl.'s MSJ ("Defs.' Opp'n") at 55-56 (Dkt. #27).[1] They also assert that there are genuine disputes as to whether plaintiff was assigned the mortgage in this case and as to whether plaintiff has physical possession of the note executed by Mitra. Defs.' Opp'n at 54; *see 1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463-64 (2d Cir. 2020) (explaining an entity has standing to foreclose on a mortgage issued to another financial institution only if the entity seeking foreclosure was assigned the mortgage or has physical possession of the note).

---

[1]  Defendants filed all of their opposition papers—including their memorandum, Rule 56.1 Statement, and exhibits—as a single PDF. Page citations in this Memorandum & Order refer to the PDF page of that single document.

2

Finally, they deny that plaintiff mailed them the notices that are prerequisites to a foreclosure action. *Compare* Defs.' Rule 56.1 Statement ¶ 1 *with* Pl.'s Rule 56.1 Statement ¶ 5.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost v. New York City Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). "A fact is material if it might affect the outcome of the suit under governing law." *Ibid.* In assessing the record, I view "the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010).

## DISCUSSION

Plaintiff's motion for summary judgment is granted. As explained below, defendants have forfeited their argument that this Court does not have personal jurisdiction over them, and their argument that plaintiff has not demonstrated standing to pursue foreclosure lacks merit. Moreover, there is no genuine dispute of material fact as to whether plaintiff is entitled to a judgment of foreclosure.

### I. Defendants Have Forfeited Their Jurisdictional Defense

Defendants have forfeited their argument that the court lacks personal jurisdiction over them because they were never properly served. *See* Defs.' Opp'n at 55-56; Answer ¶ 3 (Dkt. #11). A defendant may be estopped from pursuing a personal jurisdiction defense—even one raised in the answer—if the "actions of the defendant during the litigation amount to a legal submission to the jurisdiction of the court, whether voluntary or not." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011) (brackets, ellipses, and internal quotation marks omitted).

To "forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. v. Pemex-Exploración y Producción*, 832 F.3d 92, 102 (2d Cir. 2016). Under this principle, forfeiture can result from "a delay in challenging personal jurisdiction by motion to dismiss . . ., even where the defense was asserted in a timely answer." *Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999) (alteration and internal quotation marks omitted); *see Roberts v. Bennaceur*, 658 F. App'x 611, 616 (2d Cir. 2016) (same). Similarly, a party may forfeit its jurisdictional defense by "actively litigating other issues and forgoing the opportunity to litigate that . . . defense." *Roberts*, 658 F. App'x at 616.

Defendants have forfeited their jurisdictional defense through their conduct during the litigation of this suit. Defendants asserted the absence of personal jurisdiction in their answer. But they never moved to dismiss for lack of personal jurisdiction, which on its own may be grounds to find forfeiture. *See Hamilton*, 197 F.3d at 60. Instead, after filing their answer, defendants agreed to a discovery plan that set deadlines for various phases of fact discovery—with all discovery to be completed in 2020—without interposing any jurisdictional objection. *See* Defs.' Letter to Magistrate Judge Bulsara (Dkt. #16). Defendants then participated in two status conferences before Judge Bulsara, again without filing a motion raising a jurisdictional defense. While defendants later attempted to resuscitate their jurisdictional argument by raising it in opposition to summary judgment, their actions "during the litigation amount to a legal submission to the jurisdiction" of this Court. *Mickalis*, 645 F.3d at 134.

## II. Plaintiff Has Standing to Bring This Foreclosure Action

Contrary to defendants' arguments, *see* Defs.' Opp'n at 52-54, plaintiff has standing to bring this suit. A plaintiff can establish standing in a foreclosure action by demonstrating that it

4

was "the holder . . . of the underlying note at the time the foreclosure action was commenced." *1077 Madison*, 954 F.3d at 463-64 (internal quotation marks omitted). This burden can be met by (i) attaching to the complaint copies of the note and the allonge[2] endorsing the plaintiff as payee; and (ii) submitting an affidavit averring based on personal knowledge that the plaintiff is the current note holder. *See ibid.* By offering this evidence, a plaintiff obviates any need for the court to consider arguments concerning the note's chain of title. *See id.* at 464 n.1; *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) ("'[A]lthough the better practice would have been for [the plaintiff] to state how it came into possession of the note in its affidavit in order to clarify the situation completely,' the plaintiff was not precluded from obtaining summary judgment by not having provided these details." (quoting *Aurora Loan Servs., LLC v. Taylor*, 34 N.E.3d 363, 366-67 (N.Y. 2015))).

Here, plaintiff has established standing by demonstrating that it held the underlying note when this lawsuit was filed. *See 1077 Madison*, 954 F.3d at 463-64. Plaintiff attached to the complaint copies of the note and an allonge endorsing it as payee. Compl. at 22-26. Additionally, plaintiff has submitted an affidavit from its vice president averring that (i) plaintiff "came into possession of the original Promissory Note with endorsements and allonges as affixed thereto" prior to the filing of the foreclosure action; (ii) the vice president "personally reviewed . . . [the] original documents with regard to" defendants' loan; and (iii) plaintiff attached to the complaint true copies of the note and allonge. Weinreb Ex. F at ¶¶ 5-6 (Dkt. #26-10). That evidence is sufficient to establish standing at the summary-judgment stage. *See 1077 Madison*, 954 F.3d at 463-64.

---

2   An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *CIT Bank, N.A. v. Mitchell*, No. 17-CV-1969, 2021 WL 54081, at *1 n.2 (E.D.N.Y. Jan. 6, 2021) (quoting Black's Law Dictionary (10th ed. 2014)).

Defendants have not created a genuine dispute of fact by submitting affidavits claiming that "on the day of Closing on September 10, 2005 . . . [Mr. Milton] [r]etained possession of the Original Note." Defs.' Opp'n at 39. Plaintiff was not required to explain how it came into possession of the note in its supporting affidavit. *See OneWest Bank*, 827 F.3d at 223. And even if defendants' statements are true, defendants' affidavits are limited in scope to the day of the closing; they make no claims regarding how long Mr. Milton purportedly retained the note or who defendants believe is the present note holder. *See* Defs.' Opp'n at 38-41. The affidavits therefore do not contradict plaintiff's evidence that it currently holds the note. Accordingly, defendants have not created a genuine dispute of fact as to whether plaintiff is the current note holder.

### III. Plaintiff Is Entitled to Summary Judgment

Plaintiff is entitled to summary judgment on its foreclosure claim. Under New York law, three elements must be established to sustain a foreclosure claim: (1) "the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (quoting *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004)); *Costa v. Deutsche Bank Nat'l Tr. Co. for GSR Mortg. Loan Tr. 2006-OA1*, 247 F. Supp. 3d 329, 338 (S.D.N.Y. 2017) (same); *see R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997). Once the mortgage holder establishes that prima facie case, the mortgagor can defeat foreclosure only through "an affirmative showing" that a defense to the action exists. *Gustavia Home*, 362 F. Supp. 3d at 80 (quoting *Builders Bank v. Charm Devs. II, LLC*, No. 09-CV-3935, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010)).

Here, there is no genuine dispute of material fact as to the three elements of plaintiff's prima facie case. Defendants admit the first two elements—namely, that an obligation secured by a mortgage exists and that they defaulted on it, *id.* at 79. *Compare* Defs.' Rule 56.1 Statement ¶ 1

6

*with* Pl.'s Rule 56.1 Statement ¶¶ 2, 6*; see also generally* Defs.' Opp'n (raising no arguments on the first and second elements). As to the third element, plaintiff has established notice to defendant by attaching to its complaint (i) a "Notice of Default" addressed to defendants that is dated December 20, 2018, (ii) a second letter addressed to defendants, titled "YOU MAY BE AT RISK OF FORECLOSURE" and dated December 20, 2018, and (iii) an affidavit of mailing. *See* Compl. at 41-51. In defendants' Rule 56.1 counterstatement, defendants summarily deny the portions of plaintiff's rule 56.1 statement asserting that a default notice and a 90-day notice was mailed to defendants in 2018. *Compare* Defs*.*' Rule 56.1 Statement ¶ 1 *with* Pl.'s Rule 56.1 Statement ¶¶ 4-5. But that denial is insufficient to withstand summary judgment, because defendants cite no admissible evidence in support of their denial, and do not otherwise "adduce any basis for questioning the veracity of the documents submitted by plaintiff reflecting that notice was given in two different forms." *Gustavia*, 362 F. Supp. 3d at 80; *see, e.g.*, *CIT Bank, N.A. v. Vasquez*, No. 17-CV-4654, 2019 WL 4418883, at *4 (E.D.N.Y. Aug. 19, 2019), *report and recommendation adopted*, 2019 WL 4415291 (E.D.N.Y. Sept. 16, 2019); *see also* Fed. R. Civ. P. 56(c)(1); *BellSouth Telecomms., Inc. v. W.R. Grace & Co.-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) ("It is not sufficient [in opposing summary judgment] merely to assert a conclusion without supplying supporting arguments or facts." (citation omitted)). Accordingly, there is no genuine dispute of material fact over plaintiff's prima facie case for foreclosure.

Defendants have also failed to put forward evidence supporting a valid affirmative defense. Defendants have not advanced any affirmative defenses in opposing summary judgment other than the jurisdictional and standing arguments that are insufficient for the reasons explained above. Defendants have therefore abandoned any other defenses. *See, e.g.*, *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) (stating that "a court may . . . infer from a [counseled] party's partial

7

opposition" to summary judgment "that relevant . . . defenses that are not defended have been abandoned"); *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. Jan. 11, 2021) (same).

## CONCLUSION

Plaintiff's motion for summary judgment is granted. Plaintiff is directed to submit a proposed judgment of foreclosure providing for a sale of the property consistent with this Memorandum & Order by July 14, 2021. The proposed judgment of foreclosure should provide for the appointment of a proposed referee to effectuate the sale and to disperse funds from such a sale.

SO ORDERED.

      *Rachel Kovner*
      RACHEL P. KOVNER
      United States District Judge

Dated:      June 7, 2021
              Brooklyn, New York