UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILMINGTON PT CORP.,                                                                  19-cv-01904-RPK-SJB
                                   Plaintiff,

           -against-                                                                        JUDGMENT OF
                                                                                     FORECLOSURE
RANJIT KUMAR MITRA, JACOB MILTON AND                               AND SALE
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD,
                                  Defendant(s).
------------------------------------------------------------------------X

        On the Summons in a Civil Action (the "Summons") and Verified Complaint and (the "Complaint") filed herein on April 3, 2019; on the Notice of Pendency filed in the Queens County Clerk's Office; and upon the Memorandum and Order of the Court filed on June 7, 2021, granting Plaintiff's Motion for Summary Judgment;

        NOW, upon the Affidavit of Amounts Due to Plaintiff of Yonel Devico, Vice President of Wilmington PT Corp., the Court finds that;

        The amount computed by the Court to be due on the Note ("Note") and Mortgage is $148,532.49, including interest, as of June 8, 2021.

        **IT IS ORDERED AND ADJUDGED,** that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto and sold pursuant to this Judgment.

        Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

        Together with all fixtures and articles of personnel property annexed to, installed in, or used in connection with the mortgage premises, all as more fully set forth in the aforementioned mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions

and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held outside the front door of the Brooklyn Courthouse of the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, NY 11201 by and under the direction of Susan Ellen Rizos, Esq., who is hereby designated as Referee herein to sell the mortgaged premises in accordance with that purpose; that said Referee give public notice of the time and place of such sale in accordance with RPAPL §231 in Newsday Newspaper and in the case the Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or her duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third party other than the Plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or her duly appointed designee then deposit the balance of said proceeds of the sale in her own name as Referee in an FDIC Insured Bank and shall thereafter make the following payments and her checks drawn for that purpose shall be paid by said depository.

1st    The sum of $750.00 to said Referee for her fees herein.

2nd    The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by her to be correct, duplicate copies of which shall be left with said depository.

3rd    And also the sum of $148,532.49 (inclusive of costs), the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from May 1, 2013 and also the amount

of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED**, that said Referee or her duly appointed designee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with her report of sale. That said Referee or her duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 5 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the Plaintiff or a governmental agency thereof is the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by Plaintiff or any such governmental agency, and a valid assignment thereof be filed with the said Referee or her duly appointed designee shall not require Plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or such governmental agency a deed of the premises sold. Plaintiff or such governmental agency shall pay the amount specified in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or her duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or such governmental agency, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or her duly appointed designee upon delivery of said Referee's

Deed, the amount of such surplus, and said Referee or her duly appointed designees shall deposit said surplus as hereinabove directed.

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or her duly appointed designee's deed; and it is further

**ORDERED AND ADJUDGED,** that each and all of the Defendants in this action, and all the persons claiming under them, or nay or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law. Said premises commonly known as 178-29 Eveleth Road, Jamaica, NY 11434. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

Dated: Brooklyn, New York

   ___August 27_, 2021

*Rachel P. Kovner*
_____
The Honorable Rachel P. Kovner
United States District Court Judge

## SCHEDULE A
## DESCRIPTION OF MORTGAGED PREMISES

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate lying and being in the Borough and County of Queens, City and State of New York, known and designated as and by Lots numbers 190 and 191 on a certain Map entitled, "Map of Netherlands, Subdivision, 4th Ward, Borough of Queens, New York City, compiled for Surveyor of S.H. McLaughlin C.S. by Robert Kurz, C.E. and C.S. and filed in the Office of the Clerk now Register County of Queens on November 8, 1905 as Map No. 720 and which lots when taken together are bounded and described as follows:

BEGINNING at a point on the northwesterly side of Eveleth Road formerly Eveleth Street, distant 100 feet Southwesterly from the corner formed by the intersection of the northwesterly side of Eveleth Road with the southwesterly side of Sidway Place, formerly Sidway Street;

RUNNING THENCE Northwesterly and parallel with Sidway Place, 100 feet;

RUNNING THENCE Southwesterly and parallel with Eveleth Road, 50 feet;

RUNNING THENCE Southeasterly and parallel with Sidway Place 100 feet in the northwesterly side of Eveleth Road; and

RUNNING THENCE Northeasterly along the northwesterly side of Eveleth Road, 50 feet to the point or place of BEGINNING.